## MANNING a. PRATT.

*Supreme Court, First District; General Term, Feb., 1865.*

### ARBITRATION.—REVIVAL.—APPEAL.

In case of the death of a party to a proceeding upon an arbitration and judgment entered thereon, under the statute, the court have no power to revive the proceeding or to substitute another person in the place of the deceased.

The provisions of the Code of Procedure relating to the revival and continuance of actions, do not apply to arbitration proceedings under the statute; nor does the equitable power of the court authorize such a revival.

After the death of a party to such an arbitration, a person who by such an unauthorized order of the court has been substituted in place of the deceased, cannot maintain an appeal in such proceeding.

This was an arbitration proceeding under the statute. (2 *Rev. Stat.*, 541.)

Stille Manning and William A. Pratt having various controversies arising out of business transactions, submitted them to arbitration, and the arbitrators, among other matters, awarded that Manning was indebted to Pratt in the sum of $6,960.05, as a just balance of the claims of the parties submitted.

This part of the award, however, was expressed to be "provided, however, any amount is allowed thereon."

Manning made a motion at a special term of this court to have the award vacated. This motion was granted by Mr. Justice Ingraham at special term in July, 1860, chiefly upon the grounds that the award was upon specific matters, and not upon all matters in controversy, and that it was uncertain in not specifying whether any amount was allowed or not.

After the award, but when, and whether before or after the order vacating the award, does not appear, Pratt assigned his claim on, or under the award to one Borst.

And also after the award, but whether before or after the order vacating the award does not expressly appear, Pratt died.

The order vacating the award was made, on the 3d day of July, 1860, and that order was appealed from in the name of Pratt.

Subsequently, and while that appeal was pending, a motion was made at special term, that Borst be substituted as a party in the place of Pratt, deceased, and on the 5th day of May, 1864, an order to that effect was made, at special term held by Mr. Justice Foster.

This motion and order were founded on an affidavit, stating the death of Pratt, and the assignment by him to Borst of all his (Pratt's) interest in or under the award.

Manning now appealed from the last-mentioned order.

*C. A. Nichols,* for the appellant.—I. Such an order can be made, on motion, only within one year after the death of the party. (*Code of Pro.,* § 121; Keene *a.* La Farge, 1 *Bosw.,* 671; Coon *a.* Knap, 13 *How. Pr.,* 175; Borsdorff *a.* Lord, 17 *Abbotts' Pr.,* 168; S. C., less fully reported, 41 *Barb.,* 211.)

II. The order could only be granted on notice to Pratt's personal representative. Howard *a.* Taylor, 5 *Duer,* 604; 11 *How. Pr.,* 380; Franklyn *a.* Graham, MSS., DALY, J., referred to in notes to Code, ed. of 1859, at p. 99.)

III. There was no sufficient proof of the assignment.

IV. Notice to the attorney of Pratt is not shown.

V. The right of Borst and of Pratt's executor being adverse, the order should not have been granted.

VI.ₜ That the order is appealable, see St. John *a.* Croel, 10 *How. Pr.*, 253.

*L. S. Chatfield*, for the respondent, Borst.

By the Court.—Sutherland, J.—The order appealed from was not made in any action. The proceeding in which it was made was an arbitration proceeding under the statute. Section 121 of the Code has no application to the question of the power of the justice at special term to make the order. That section only authorizes such an order in an action.

The Code does not affect arbitration proceedings under the statute. (*Code*, § 471.)

The arbitration proceeding was a statutory proceeding, and this court had no power over it, and had no power to make any order in it, except such as is given or recognized by the statute. The statute (§ 22) declares that nothing contained in it " shall be construed to impair, diminish, or in any way affect the power and authority of the Court of Chancery over arbitrators, awards, or the parties thereto," &c. This court is now vested with the chancery power or jurisdiction recognized by this section ; but it can hardly be claimed that the justice at special term had jurisdiction to make the order under the equity power recognized by this section.

I have looked in vain into the statute for authority for the order.

The court has express statutory power to confirm, or to vacate, or modify the award (§§ 9, 10, 11, &c.) on the application of any party to the submission ; but I find no power given to the court to revive the proceeding in case of the death of a party, or to substitute another party in the place of a deceased party.

I think the order must be reversed, but I think it should be reversed without costs ; for there is considerable doubt whether Manning had any right to bring the question here by appeal.

————

After the order substituting him in place of Pratt, Borst had taken an appeal from the order vacating the award, and the two appeals were heard together ; the following opinion being rendered upon the latter :

By the Court.—Sutherland, J.—It follows from our decision on the appeal from the order substituting Borst in the place of Pratt, deceased, that this appeal from the order vacating the award, must be dismissed; for as a consequence of that decision Borst has no right to prosecute this appeal, and no one has appeared before us who has.

But I think the appeal should be dismissed, without costs.

Ingraham, P. J., and Clerke, J., concurred in these opinions.

Orders accordingly.